Ruffin, C. J.
 

 The court is of opinion, that the' defendant is bound for the endorsements of the year 1843 only. The terms of the agreement, as it seems to us, expressly confine it to that period: being that the parties “ covenant to continue their responsibilities for Wyatt Walker, for, and during the year 1843.” The instrument adds, indeed, that this responsibility was “ on the same terms, and for the same purposes, as set forth in the foregoing covenant for the year 1842.” This is not an adoption by the parties to the second agreement of the engagements of the first. It is apparent, that both instruments were written on the same paperand the object of naming the prior in the latter was not to transfer the obligations of the one into the other, but merely by a reference to its terms for 1842, to give the terms of the agreement for 1843, without taking the trouble to write them
 
 in extenso
 
 in the same words with the former — saving only, the change of the year from 1842 to 1843.
 

 The counsel for the plaintiff relied on the words, “ continue their responsibilities,” as deuoting an intention in the parties to the second agreement, to assume all the liabilities of both years. But we do not perceive the fofce of the argument; and, certainly, not that there is enough in it to do away with the express restriction to 1843. The paper was probably so written, when it was expected it would be executed by the same persons only, who gave the first. But even as to them, it could only mean that they would “ again bind
 
 ”
 
 themselves for endorsements to be made in 1843, as they “ had been bound ” for those that had been in 1842, by the instrument referred to in and annexed to the new agreement. It could not mean, that
 
 they
 
 should
 
 thereby
 
 assume the liability for the transactions of 1842; because they were already fully bound therefor by the agreement of 1842. Still less could that word “continué” apply to the present defendant, in the sense insisted on by the
 
 *248
 
 plaintiff; for, not being a party to the agreement of 1842,
 
 he
 
 cou^ not
 
 continue
 
 to undertake the engagements made in it by others. In fine, whatever may have been the actual intention of the parties, the two instruments, as framed, relate to different subjects and different years. He, who executed but one, bound himself for but one sum of $500, while each persom who executed both, bound himself to the extent of two sums of $500, namely, one for each of the years 1842 and 1843.
 

 It is further stated, that Henry Willis, who is one of the covenantors in each instrument; has not paid any part of his proportion of the loss for either year, and is
 
 insolvent; and
 
 another question is, whether the defendant is liable for a rateable share of Willis’ aliquot part. We think not. As to his deficit for 1842, that is already disposed of in the first point. And for that of 1S43, the defendant is not bound, because this is not a joint undertaking by the covenantors, as the sureties for Walker or for each other, but it is an undertaking by each one, for himself, to pay to the plaintiffs his aliquot part of the loss that should arise to the plaintiffs by putting their names on Walker’s paper — limiting his
 
 liability, however, to
 
 the sum of $500, The insolvency of Willis can make no difference, for this is an action on the covenant, and that instrument has no stipulation in reference to that event, nor any allusion to it. If the parties be bound for each other, then each would be liable for the others, whether they were solvent or not; and if each be bound only for himself then the insolvency of another cannot add to his engagements. It is clear, we think, that the engagement of each of these persons is strictly several and not joint, nor joint and several. The instrument begins, indeed, in the terms of a joint undertaking by all the covenantors for a full indemnity to
 
 the
 
 plaintiffs. It says,
 
 “ We,
 
 the under
 
 signed, have on our
 
 part agreed to indemnify the said Williamson Henderson and Roane.” But immediately, those general words are qualified and restrained by others, which, in the first place, limit the indemnity, and, in the second place, sever the responsibilities of the several covenantors. After setting out the agreement to indemnify the plaintiff it
 
 *249
 
 adds the words, “ to the extent herein set forth,” and then proceeds under a
 
 videlicit
 
 thus: “We bind ourselves in the event the said W., H. and R. should sustain loss by reason of their liability aforesaid,
 
 to bear, each of us, in equal proportions
 
 with the said W. H. and R. such loss; provided, nevertheless, that we, the undersigners, are not to be held responsible to an amount exceeding $500
 
 each."
 
 It seems clear from these words, that a joint undertaking by the covenantors, or for each other, could not be intended. If it had been, the plaintiffs would have been at liberty to sue one of the cove-nantors for the whole loss, to the extent at least of as many sums of $500, as there were covenantors. But, instead of that, the stipulation is, that the loss shall be borne by each one of the parties in equal proportions with the plaintiff; which shows, that the loss was to be
 
 divided,
 
 and each covenantor was to pay his own
 
 share.
 
 Consequently, the plaintiffs can look to each one for no more.
 

 The judgment must, therefore, be reversed, and judgment be entered for the plaintiffs, according to the case agreed, for the sum of $312, that being the separate share of the defendant, of tlie loss arising on the endorsements made in the year 1843. But that is subject to the payment of the sum of $100, mentioned in the case. There must also be judgment for the plaintiffs for their costs in the Superior Court, but there must be judgment against them for the costs in this court.
 

 Per Curiam, Judgment accordingly.